IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL J. JONES, | ) | Case No. 1:09-cv-2004-LJO-JLT |
| | ) | |
| Plaintiff, | ) | ORDER WITHDRAWING FINDINGS AND |
| | ) | RECOMMENDATION RECOMMENDING |
| vs. | ) | DISMISSAL OF THE COMPLAINT FOR |
| | ) | FAILURE TO COMPLY WITH ORDER OF |
| BAKERSFIELD POLICE OFFICER | ) | THE COURT |
| THEODORE KING AND BAKERSFIELD | ) | (Doc. 6) |
| POLICE OFFICER SCOTT DREWERY, | ) | |
| sued in their individual and in their official | ) | ORDER REQUIRING THE CLERK TO FILE |
| capacities, | ) | PLAINTIFF'S FIRST AMENDED |
| | ) | |
| Defendants. | ) | ORDER DISMISSING FIRST AMENDED |
| _____ | ) | COMPLAINT WITH LEAVE TO AMEND |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 19, 2009, the Court granted plaintiff's request to proceed *in forma pauperis*. (Doc 3).

**1.      Withdrawal of Findings and Recommendation for Dismissal of Action**

On January 19, 2010, the Court ordered the complaint dismissed with leave to amend. The order was based upon the vagueness of the complaint.  (Doc. 5).  Also, although Plaintiff alleged the officers acted in their official capacities, he failed to state any facts that would give rise to municipal liability.

Plaintiff was allowed 30 days to file an amended complaint.  (Doc. 5).  Plaintiff was

1  forewarned that his failure to file a timely amended complaint would result in a recommendation

2  that the matter be dismissed pursuant to Local Rule 110.  (Id.).

3          After having received no amended complaint, on February 22, 2010, the Magistrate Judge

4  entered Findings and Recommendations that the matter be dismissed with prejudice, for failure to

5  state a claim.  (Doc. 6).  Plaintiff was granted 14 days from the date of service to file objections

6  to the recommendation.  (Id.)  Plaintiff has now filed a timely objection.  (Doc. 7).

7          In his objections, Plaintiff seems to contend that he filed a timely amended complaint and

8  he attached a "First Amended Complaint" to his objection, although there is no evidence that this

9  complaint was, in fact, ever filed.[1]  Nevertheless, in light of the filing of a first amended

10  complaint and in the interests of judicial economy, the Magistrate Judge hereby withdraws the

11  recommendation for dismissal and orders the Clerk to file the First Amended Complaint attached

12  to Plaintiff's objections.  (Doc. 8.)  However, having done so, the Court must now screen

13  Plaintiff's First Amended Complaint.

14  **2.      First Amended Complaint**

15      **A.      Screening**

16          The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. §1915A(a); 28

17  U.S.C. 1915(e).  The Court must review the complaint and dismiss the action if it is frivolous or

18  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

19  defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809

20  F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir.

21  1984)).  If the Court determines that the complaint fails to state a claim, leave to amend may be

22  granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v.

23  Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

24  ///

25

26          [1]The Court finds incredible Plaintiff's claim that he filed, or attempted to file, the First

27  Amended Complaint on January 10, 2010.  Plaintiff claims that he filed the amended complaint in
response to the Court's order dismissing the original complaint with leave to amend.  The Order was
dated January 19, 2010, which nine days *after* Plaintiff claims he filed the amended complaint.

1. Section 1983 complaint

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law.   West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989).  The plaintiff must allege also that the defendants' acts or omissions caused the deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371 (1976)).

(2) Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the

1    alternative or different types of relief.

2    A complaint must give fair notice and state the elements of the plaintiff's claim plainly and

3    succinctly.  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  In

4    other words, the plaintiff is required to give the defendants fair notice of what constitutes the

5    plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all

6    of the elements of a claim, it must be possible to infer from the allegations that all of the

7    elements exist and that the plaintiff is entitled to relief under a viable legal theory.  Walker v.

8    South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).  Conclusory allegations that

9    are unsupported by facts are insufficient to state a claim under § 1983.  Sherman v. Yakahi, 549

10   F.2d 1287, 1290 (9th Cir. 1977).

11       **B.**    **Analysis**

12           **i.**     **Summary of the Allegations**

13           As in his original complaint, Plaintiff seems to assert that he was on active parole on

14   January 16, 2009, a term of which prohibited him from associating with known gang members.

15   On that date, he alleges that he was arrested by members of the Bakersfield Police Department

16   and seems to intimate that this was based upon allegations that he was under the influence of

17   marijuana and was associating with known gang members.[2]  In his prayer, Plaintiff seeks

18   damages and a preliminary injunction prohibiting the defendants from enforcing State parole

19   "Anti-Gang Association Clauses" until a hearing and decision is rendered in this matter.

20       **ii.**   **The Alleged Defendants**

21           In the caption of his amended complaint, Plaintiff names two officers of the Bakersfield

22   Police Department in their official and individual capacities; Officer Theodore King and Officer

23   Scott Drewry.  Also, he names the Bakersfield Police Department as a defendant.

24   ///

25

26           [2]As discussed more fully below, as in the original complaint, the first amended complaint

27   fails to indicate whether the arrest resulted in criminal prosecution or parole revocation, the factual
     bases for the revocation, if his parole was revoked and whether any criminal prosecution and/or
     parole revocation action terminated in his favor.

### iii.    **The complaint is vague**

Although Plaintiff provides additional details regarding his arrest, he fails to allege facts that would support an inference that the arresting officers were aware of his parole status at the time of his arrest or whether his parole status had any bearing on the officers' decision to arrest him.

In addition, the complaint is confusing because Plaintiff admits that his companion at the time of his arrest was a gang member. However, later in the complaint he seems to contradict this statement by alleging that when he was interviewed at jail, he "denied and disavowed that the individual that he was with (Kenneth Lee Charles) is not a gang member."  Given this ambiguity, the Court cannot determine whether Plaintiff is asserting that he was not associating with a gang member or that he was unaware that he was associating with a gang member.

The First Amended Complaint is vague also because Plaintiff fails to outline the charges made against him by the defendants in connection with his arrest.  Although Plaintiff admits that he displayed objective symptoms of marijuana intoxication and was, in fact, under the influence of marijuana at the time of his arrest, he does not indicate whether he was charged with this crime or whether he was charged with a parole violation.  Thus, the Court cannot determine whether violation of a parole term formed a basis or the sole basis for the probable cause determination required to arrest Plaintiff.

Also, as noted in the Order dismissing his original complaint, Plaintiff fails to allege here any facts outlining whether his arrest on January 16, 2009, was followed by a criminal prosecution or a parole revocation action.  If so, Plaintiff must include in his complaint whether these proceedings, if any, terminated in his favor.  As a result of this omission, the Court cannot determine whether this current action is a collateral attack on a state law conviction.  Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).

Moreover, Plaintiff appears to attack the fact that, imposed upon him is a condition of parole that prohibits him from associating with gang members.  However, the Court cannot determine if Plaintiff is asserting that the parole condition itself is legally infirm and, if so why,

1  or if he believes that the parole term is otherwise legal but was imposed upon him illegally and, if

2  so why.  In either instance, he has failed to allege the basis for his belief the Court has

3  jurisdiction to determine this question.  For example, if he believes that the parole term is

4  unconstitutional, he must identify the particular Amendment to the Constitution that he believes

5  is at issue and facts to support this contention.  On the other hand, if he is seeking Federal Court

6  review of the imposition of this condition of parole on him, the Court would have no jurisdiction

7  according to the Rooker-Feldman doctrine.  Doe v. Mann, 415 F.3d 1038, 1041-1042 (9th Cir.

8  2005) ("Typically, the Rooker-Feldman doctrine bars federal courts from exercising

9  subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in

10  substance would be appellate review of the state judgment in a United States district court, based

11  on the losing party's claim that the state judgment itself violates the loser's federal rights."

12  (internal quotation marks omitted)); Noel v. Hall, 341 F.3d 1148, 1156, 1158, 1163-64 (9th Cir.

13  2003) (Rooker prohibits de facto appeals of the state court decisions in federal court and Feldman

14  prohibits a federal district court from considering any issue that "inextricably intertwined"); see

15  also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 292-293 (2005) (The

16  Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries

17  caused by state-court judgments rendered before the district court proceedings commenced and

18  inviting district court review and rejection of those judgments").

19        On the other hand, Plaintiff has failed to allege any facts upon which he seems to base his

20  contention that the Bakersfield Police Department and its officers act unlawfully when enforcing

21  the "gang-association" parole term or, in fact, that this condition of parole is unlawful.

22        Finally, the Court cannot determine if Plaintiff is asserting that enforcement of the gang

23  member association prohibition term is unlawful as imposed on him or as to all parolees.  If he is

24  attempting to state a class action, he has failed to demonstrate that as a nonlawyer he can

25  represent class members (Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) [a non-

26  lawyer prisoner, unassisted by counsel may not represent fellow inmates in a class action]; see

27  also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) [although a

non-attorney may appear pro se on behalf of himself, he cannot represent the interests of others])
or to meet any of the pleading requirements under Federal Rules of Civil Procedure 23.

        **iv.**    **Plaintiff has failed to state a cause of action against the City of**

               **Bakersfield**

Once again Plaintiff names the Bakersfield Police Department directly and by asserting
that the individual officers acted in their official capacities.  <u>Kentucky v. Graham</u>, 473 U.S. 159,
165-166 (1985) [Naming an official in his official capacity is tantamount to naming the public
entity.].

Although plaintiff appears to allege that the Bakersfield Police Department maintains an
unlawful custom or policy of arresting parolees who associate with known gang members in
violation of their parole, plaintiff has failed to allege sufficient facts to demonstrate that it was
this custom or policy that caused his alleged unlawful arrest.  In fact, he concedes that his arrest
was precipitated by his action in appearing to jump into the path of an oncoming police cruiser
which caused the officers to stop.  He admits that he displayed objective indica of marijuana
intoxication, smelled of the drug and, in fact, was under the influence of marijuana at the time of
his attest.  Thus, Plaintiff has failed to demonstrate that his alleged constitutional injury was
caused by the enforcement of an official policy or custom.  <u>City of Canton v. Harris</u>, 489 U.S.
378, 385 (1989).

        **C.**    **Conclusion**

The Court must dismiss Plaintiff's First Amended Complaint as to all defendants because
it is vague and because he has failed to state a cognizable claim.  However, once again, the Court
will again grant Plaintiff leave to amend the complaint to address the above deficiencies.
Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's
amended complaint complete.  Local Rule 220 requires that an amended complaint be complete
in itself without reference to any prior pleading.  This is because, as a general rule, an amended
complaint supercedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).
Once Plaintiff files an amended complaint, the original pleading no longer serves any function in

the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.    The Magistrate Judge's Findings and Recommendations for dismissal of this action is withdrawn;

2.    The Clerk of the Court is ordered to file Plaintiff's First Amended Complaint that is attached to his "Objections to Magistrate's Judge Findings and Recommendation" (Doc. 8);

3.    Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO AMEND; and

4.    Plaintiff is GRANTED thirty days from the date of service of this order to file an amended complaint. The amended complaint must reference the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.  Plaintiff is admonished that he must strictly comply with the requirements for filing a timely Second Amended Complaint.  If he fails to do so the Court will recommend dismissal of this action for failure to adhere to those requirements.


IT IS SO ORDERED.

Dated:   **March 30, 2010**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE