IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. JONES,<br><br>         Plaintiff,<br><br>    vs.<br><br>BAKERSFIELD POLICE OFFICER THEODORE KING AND BAKERSFIELD POLICE OFFICER SCOTT DREWERY, sued in their individual and in their official capacities,<br><br>         Defendants. | Case No. 1:09-cv-02004-LJO-JLT<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 12) |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. On November 18, 2009, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). On November 19, 2009, the Court granted plaintiff's request to proceed *in forma pauperis*. (Doc. 3).

**1.    Background**

On January 19, 2010, the Court ordered the complaint dismissed with leave to amend. The order of dismissal was based upon the vagueness of the complaint which made it impossible to determine whether the underlying criminal proceedings terminated in his favor and because it appeared to the Court that Plaintiff may have been attempting to state a class action claim,

although the ambiguity of the complaint made this unclear.  (Doc. 5).  Also, although Plaintiff alleged that the officers acted in their official capacities, he failed to state any facts that would give rise to municipal liability.

**2.     Dismissal of the First Amended Complaint**

The Court dismissed the First Amended Complaint with leave to amend.  The Court determined that the amended complaint was vague with respect to allegations against Defendant Police Officers King and Drewry and  noted numerous deficiencies in its order.  For example, the Court noted inconsistencies in his statement of facts where Plaintiff asserted at one point that his companion at the time of his arrest, Kenneth Lee Charles, was a gang member, then a few sentences later, seemed to deny that Charles was a gang member.  (Doc. 9 at 5).

In addition, the Court found that Plaintiff failed to allege facts to support an inference that the arresting officers were aware of his parole status at the time of his arrest or that this status played any role in his arrest.  (Doc. 9 at 5).  In particular, the Court determined that the amended complaint was vague in that it could not be determined from the allegations made in it whether Plaintiff was arrested for associating with a gang member in violation of his parole condition or whether he was arrested because of his admittedly erratic behavior in connection with being under the influence of marijuana.  (Id.)  On this latter point, Plaintiff stated that he "shouted and gestured" at the defendant officers when they drove by him "as if he was going to jump into the oncoming north bound lanes" and further admitted he was under the influence of marijuana at the time of his arrest, and that the officers believed he was under the influence of marijuana, noting he displayed symptoms of "blood shot/watery eyes, slow thick speech, and a strong odor of marijuana on his person."  (Doc. 9 at 7; First Amended Complaint at 2).

The Court further noted that Plaintiff failed to explain whether his arrest on January 16, 2009, led to a criminal prosecution or parole revocation action, and whether he was either convicted of a crime flowing from his arrest or had his parole revoked.  Thus, the Court was unable to determine whether Plaintiff's current action was a collateral attack on a state law conviction prohibited by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  (Id.)   In addition, the

1 Court noted that Plaintiff appeared to attack the legality of the condition of parole which
2 prohibited him from associating with a known gang member but had failed to identify a
3 particular amendment of the U.S. Constitution that he believes prevents such a condition of
4 parole or allege facts to support this contention. (Id. at 6). Conversely, if he was seeking a
5 Federal Court review of a state court order imposing a "gang-association" parole condition, the
6 Court noted it would have no jurisdiction pursuant to the Rooker-Feldman doctrine. (Id.)

7 With respect to Defendant Bakersfield Police Department, the Court noted that while
8 Plaintiff appeared to allege that the police department maintained an unlawful custom or policy
9 of arresting parolees who associate with known gang members in violation of parole terms, he
10 "failed to allege sufficient facts to demonstrate that it was this custom or policy that caused his
11 alleged unlawful arrest." (Doc. 9 at 7).

12 Nevertheless, the Court granted Plaintiff leave to file a Second Amended Complaint to
13 correct these numerous deficiencies. (Doc. 9 at 8). On April 7, 2010, Plaintiff filed a Second
14 Amended Complaint. (Doc. 12).

15 **3.    Second Amended Complaint**
16    **A.    Screening**

17 The Court must review the complaint and dismiss the action if it is frivolous or malicious,
18 fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant
19 who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d
20 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If
21 the Court determines that the complaint fails to state a claim, leave to amend may be granted to
22 the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith,
23 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

24    1. Section 1983 complaint
25 Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent
26 part that:
27    Every person who, under color of any statute, ordinance, regulation, custom, or

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371, 96 S. Ct. 598 (1976)).

   (2) Rule 8(a)

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless

the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court observed,

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citations]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Citation]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [Citation].

The Court further clarified that,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. The Court instructed, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

**B.    Analysis**

   **i.    Summary of the Allegations**

As in the First Amended Complaint, Plaintiff seems to assert that he was on active parole on January 16, 2009, the terms of which prohibited him from associating with known gang members. On that date, he alleges that he was arrested improperly by members of the Bakersfield Police Department based upon allegations that he was under the influence of

marijuana, was associating with known gang members and was himself a known gang member. However, as in both the original complaint and the First Amended Complaint, the Second Amended Complaint again fails to indicate whether the arrest resulted in prosecution or parole revocation or whether the prosecution and/or parole revocation terminated in his favor.

In addition to re-alleging the factual allegations presented in the First Amended Complaint, the Second Amended Complaint adds the following paragraph:

> Plaintiff further stated at the interview that Bakersfield Police Officers KING and DREWRY were the ones that stopped at his residence claiming that Plaintiff JONES had attempted to flagged [sic] the [sic] down.  Plaintiff JONES further states that his former roommate (Kenneth Lee Charles) whom he had lived with, but had late [sic] moved out, was not a known gang member.

(Doc. 12 at 3).  The Second Amended Complaint also presents the following claims:

### FIRST CAUSE OF ACTION

> Plaintiff realleges each and every foregoing allegation as if set out in full and thereon alleges that Defendant utilized a "pretext" to conduct an illegal confrontation or contact with Plaintiff in violation of rights secured by the Fourth Amendment of the U.S. Constitution.

### SECOND CAUSE OF ACTION

> Plaintiff realleges each and every foregoing allegation as if set out in full and thereon alleges that Defendants interpretation and enforcement of State Parole Special Anti-Gang Association is and was unconstitutional [sic] vague and relegated Plaintiff to an illegal arrest, search and seizure of his person resulting from the foregoing all in violation of Plaintiff's [right] to be secure from unreasonable "searches and seizures."

### THIRD CAUSE OF ACTION

> Plaintiff realleges each and every foregoing allegations as if set out in full and thereon alleges that defendants acts or omissions violated Plaintiff's rights under the First Amendment of the U.S. Constitution Association Clause.

(Id.)

In his prayer, Plaintiff again seeks damages, as well as a preliminary injunction against the defendants from enforcing State parole "Anti-Gang Association Clauses" until a hearing and decision is rendered in this matter.

///

### ii.     The Alleged Defendants

In the caption of his Second Amended Complaint, Plaintiff again names as defendants the Bakersfield Police Department and two officers; Officer Theodore King and Officer Scott Drewry.  He asserts liability against them in both their official and individual capacities.  He also

### iii.     The Second Amended Complaint is still vague

As noted above in recounting the deficiencies previously found by the Court with respect to the First Amended Complaint, Plaintiff again fails to allege sufficient facts describing how the arrest occurred.  He claims that on the afternoon of January 16, 2009, defendants King and Drewry drove by Plaintiff and another man, Kenneth Lee Charles, as they were standing near the street, then stopped, contacted and eventually arrested him after noting he displayed "blood shot/watery eyes, slow thick speech and a strong odor of marijuana on his person." (Doc. 12 at 2). In addition, again somewhat confusingly, Plaintiff admits that Charles was a gang member but then contradicts this statement by stating that when he was interviewed, he "denied and disavowed that the individual that he was with (Kenneth Lee Charles) is not a gang member."[1] (Id.)  In his new paragraph, Plaintiff also states that Charles "was not a known gang member." (Id. at 3).

It appears that Plaintiff may be alleging, in the new paragraph added to the Second Amended Complaint, that his detention was not based on a reasonable suspicion that he was engaged in criminal activity.  However, this is contradicted by his earlier admission that the officers were justified in making the contact given that he admits, "As they (BPD Officers KING and DREWRY) drove by, Plaintiff (JONES) shouted and gestured as if he was going to jump into the oncoming north bound lanes." (Doc 12 at 2.)  This is why "Officer KING conducted a u-turn and contacted the men." Id.

---

[1] The Court assumes, notwithstanding the double negative used in this sentence, that Plaintiff is claiming that at the time of the interview, he denied that Charles *was* a gang member, rather than denying that Charles *was not* a gang member.  However, Plaintiff should clarify this ambiguity in his Third Amended Complaint, should he choose to file one.

1          Likewise, Plaintiff's Second Cause of Action based upon his claim that he was
2  wrongfully arrest based upon his anti-gang association parole term, fails to state a claim for the
3  same reasons.  In this Cause of Action, he asserts that his arrest was wrongful because the parole
4  term was unconstitutional.  However, even assuming that the parole term is unconstitutionally
5  infirm (although the Court offers no judgment on this topic), the allegations make clear that his
6  arrest *was* lawful because he admits that the officers believed that he was displaying objective
7  signs of marijuana intoxication such as, "blood shot/watery eyes, slow thick speech, and a strong
8  odor of marijuana on his person." (Doc. 12 at 2),
9          As in the First Amended Complaint, Plaintiff continues to appear to attack the fact that
10 the state court imposed upon him a condition of parole that prohibits him from associating with
11 gang members. However, as before, the Court continues to be unable to determine if Plaintiff is
12 asserting that the parole condition itself is illegal and, if so why, or if he believes that the parole
13 term is otherwise legal but was imposed upon him illegally and, if so why.
14         In either possibility, Plaintiff continues to fail to allege the basis for his belief that the
15 Court has jurisdiction to determine either of these questions.  As previously indicated in the order
16 dismissing the First Amended Complaint, if Plaintiff believes that the parole term is
17 unconstitutional, he must identify the particular Amendment to the Constitution that he believes
18 is at issue and facts that support this contention.  Likewise, if he is seeking Federal Court review
19 of the imposition of this condition of parole on him, he must plead sufficiently to demonstrate
20 that the Court has jurisdiction to decide the question despite the Rooker-Feldman doctrine. Doe
21 v. Mann, 415 F.3d 1038, 1041-1042 (9th Cir. 2005) ("Typically, the *Rooker-Feldman* doctrine
22 bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party
23 losing in state court seeks what in substance would be appellate review of the state judgment in a
24 United States district court, based on the losing party's claim that the state judgment itself
25 violates the loser's federal rights." (internal quotation marks omitted)); Noel v. Hall, 341 F.3d
26 1148, 1156, 1158, 1163-64 (9th Cir. 2003) (*Rooker* prohibits de facto appeals of the state court
27

1  decisions in federal court and *Feldman* prohibits a federal district court from considering any
2  issue that is "inextricably intertwined"); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
3  544 U.S. 280, 284, 292-293 (2005) (The Rooker-Feldman doctrine bars "cases brought by
4  state-court losers complaining of injuries caused by state-court judgments rendered before the
5  district court proceedings commenced and inviting district court review and rejection of those
6  judgments").

7      In addition, as noted in dismissing the First Amended Complaint, Plaintiff again fails to
8  allege in his Second Amended Complaint any facts outlining whether his arrest on January 16,
9  2009, was followed by a prosecution or a parole revocation hearing.  Importantly, he has failed to
10 demonstrate that, if there was a prosecution or a parole revocation hearing, that these proceedings
11 were terminated in his favor.  As a result, the Court cannot determine whether this current action
12 is a collateral attack on a state law conviction.  Heck v. Humphrey, 512 U.S. 477, 486-487
13 (1994).

14     For all of these reasons, the Court concludes that the Second Amended Complaint is
15 vague and must be dismissed with leave to amend.

16     **iv.**    **Plaintiff has not stated a cause of action against the City of**
17             **Bakersfield**

18     Again, in the Second Amended Complaint, Plaintiff names the Bakersfield Police
19 Department as a defendant.  In his "Second Cause of Action," Plaintiff alleges that he was
20 arrested pursuant to a policy and/or a custom of the Bakersfield Police Department to arrest
21 parolees who associate with known gang members despite a term of parole, that this
22 policy/custom is unconstitutionally vague and, as a result, he was subjected to an illegal arrest,
23 search and seizure.  However, other than make this assertion, the factual basis for this claim
24 remains vague and confusing.  In fact, as noted, Plaintiff appears to concede that his arrest was
25 precipitated by the officers' belief that he was under the influence of marijuana.  (See Doc. 12 at
26 2).  Moreover, as also previously noted, it is not clear from the complaint whether Plaintiff is
27

alleging that the anti-gang association condition of his parole is unconstitutional or whether he is alleging that the Bakersfield Police Department's enforcement of this policy was unconstitutional and, if so, in what respect. As such, his conclusory assertion that he was unlawfully arrested pursuant to an unconstitutional policy of the Bakersfield Police Department is deficient. See Iqbal, 129 S.Ct. at 1949. Thus, Plaintiff has failed to demonstrate that his alleged constitutional injury occurred through the enforcement of an unconstitutional official policy or custom. City of Canton v. Harris, 489 U.S. 378, 385 (1989).

### C. Conclusion

In summary, the Court must dismiss Plaintiff's Second Amended Complaint as to all defendants because it is vague and, as such, he has failed to state a cognizable claim. In addition, the amended complaint fails to address whether Plaintiff still has pending criminal or parole revocation proceedings relating to his arrest or outline if such proceedings terminated in his favor. Nevertheless, the Court will again grant Plaintiff an opportunity to file a new amended complaint to address the deficiencies outlined in this order with respect to his Second Amended Complaint. Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint is DISMISSED WITH LEAVE TO AMEND; and

2. Plaintiff is GRANTED thirty days from the date of service of this order to file a new amended complaint. The amended complaint must reference the docket

number assigned to this case and must be labeled "Third Amended Complaint."

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110. Plaintiff is admonished that he must strictly comply with the requirements for filing a timely Third Amended Complaint. Also, Plaintiff is advised that he must address the deficiencies noted here and in the Court's earlier orders. If he fails to do so the Court will recommend dismissal of this action for failure to adhere to those requirements.

IT IS SO ORDERED.

Dated:  **April 14, 2010**               **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE