1

2

3

4

5

6

7

8                              **IN THE UNITED STATES DISTRICT COURT**

9                            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL J. JONES,                          CASE No. 1:09-cv-02004-LJO-JLT

12                  Plaintiff,                   FINDINGS AND RECOMMENDATION TO
                                                 DISMISS THIRD AMENDED COMPLAINT
13                                               WITH PREJUDICE FOR FAILURE TO STATE
          vs.                                    A CLAIM
14
     BAKERSFIELD POLICE OFFICER
15   THEODORE KING and BAKERSFIELD
     POLICE OFFICER SCOTT DREWRY,
16   sued in their individual and in their
     official capacities and the Bakersfield
17   Police Department,

18                  Defendants.
     _____/
19

20          Plaintiff, proceeding pro se and *in forma pauperis*, filed an action pursuant to 28 U.S.C. §

21   1983. This proceeding was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

22   **I. Procedural History**

23          Plaintiff filed his initial complaint on November 16, 2009, along with a motion and

24   application to proceed *in forma pauperis*.  (Docs. 1, 2).  The Court granted *in forma pauperis* status,

25   (Doc. 3), but dismissed the complaint with leave to amend on January 19, 2010.  (Doc. 4). On

26   February 22, 2010, the Magistrate Judge recommended that the action be dismissed because Plaintiff

27   had not filed an amended complaint as the Court had ordered on January 19, 2010. Plaintiff filed

28   objections to the recommendation and a first amended complaint on March 24, 2010. On March 30,

                                                 1

2010, the Court vacated its earlier findings and recommendation to dismiss for failure to comply with the Court's order.  However, the Court dismissed the first amended complaint because the Court concluded it was vague as to claims against Defendant Police Officers King and Drewry and failed to state a claim against Defendant Bakersfield Police Department.  (Doc. 9 at 5-7).   Plaintiff filed a second amended complaint on April 7, 2010.

On April 14, 2010, the Court dismissed Plaintiff's second amended complaint again finding that his claims were vague and/or otherwise failed to state a claim, and because he had failed to explain whether he still had pending criminal or parole revocation proceedings or relate if such proceedings had terminated in his favor.  (See Doc. 13 at 4-9).  Nevertheless, the Court again granted Plaintiff an opportunity to file a Third Amended Complaint to state cognizable claims.  (Id. at 9-10).  On May 21, 2010, Plaintiff filed a Third Amended Complaint.  (Doc. 14).

**II. Failure to State a Claim**

**A.      Screening**

The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. §1915A(a); 28 U.S.C. 1915(e).  The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

1. Section 1983 complaint

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

2

42 U.S.C. § 1983.

     To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law.   West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989).  To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371, 96 S. Ct. 598 (1976)).

     2.  Rule 8(a)

     Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

     The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly.  Jones v. Community Redevelopment Agency,  733 F.2d 646, 649 (9th Cir. 1984).  In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is

entitled to relief under a viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).  Conclusory allegations that are unsupported by facts are insufficient to state a claim under § 1983.  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**B.**   **Analysis**

1.   Summary of Allegations in Complaint

In his Third Amended Complaint, Plaintiff again recounts the circumstances concerning his arrest on January 16, 2009.  He asserts that on that day, he and  another man, Kenneth Lee Charles, were standing near the street when defendants Bakersfield Police Officers King and Drewry drove by in their marked patrol car.  (Doc 14 at 2) Plaintiff shouted and gestured at the officers as if he was going to jump into the lanes of traffic.  Id. The officers completed a u-turn and stopped near the men.  Id.

King and Drewry contacted Plaintiff and found that he displayed "blood shot/watery eyes, slow thick speech and a strong odor of marijuana on his person."  (Doc. 14 at 2).  Officer Drewry recognized Charles as a gang member from previous contacts, because he wore a baseball cap that depicted the gang logo and because his cell phone's screen saver read, "Westside Crip."  Id.  During the contact, the officers learned that Plaintiff was on parole a condition of which restricted him from associating with known gang members.[1]  Id.  As a result of this stop, Plaintiff was booked into the county jail on charges of "being under the influence of marijuana and in violation of [a] State imposed 'anti-street gang' association clause of his condition of parole."  (Id. at 2).  Plaintiff unabashedly admits that he was under the influence of marijuana at the time of his arrest. (Doc. 14 at 3.)

In the Third Amended Complaint, Plaintiff continues to name as defendants Officers King and Drewry in their individual and official capacities.  (Doc. 14 at 1, 2).   He articulates two causes of action.  First he asserts that "Defendants enforcement of California's State Parole anti-street gang

---

[1]The Third Amended Complaint admits that Charles was a member of the "West Side Crips," but then, somewhat confusingly, indicates that Plaintiff  "denied and disavowed that . . . [Charles] is an active 'street gang member.'"  (See id. at 2, 3). This inconsistency was pointed out by the Court in its order dismissing the Second Amended Complaint but Plaintiff has failed to clarify this point.

1    regulations violated plaintiff's rights secured by the First Amendment under the U.S. Constitution."

2    (Id. at 4).  Second, he asserts that "Defendants interpretation and enforcement of State Parole Special

3    Anti-Gang Association [conditions] violated plaintiff's rights under the Due Process Clause to the

4    United States Constitution."  (Id.)

5         In the body of the Third Amended Complaint, Plaintiff elaborates on his claims.  He asserts

6    that  "the anti gang regulation as interpreted by defendants . . . is unconstitutional[ly] vauge [sic] or

7    overbroad in that, 'a[n] ordinary person would not [know] when he would be reasonably . . . in

8    violation of the regulation.'" (Doc. 14 at 3).  As a result, he contends that "defendants actions of

9    arresting and charging him for violating California State Parole anti-street gang association

10   regulation[s] as interpreted by defendant [were] carried out without probable cause, . . ." (Id.)  He

11   further contends that as a result of Defendants' actions he "has suffered [a] loss of freedom, resulting

12   from the California State Parole authorities making a criminal finding of guilt at the parole revocation

13   hearing as to the state parole imposed 'anti-street gang' statute."  (Id.)

14        2.    The Third Amended Complaint Fails to State a Cognizable Claim under § 1983

15        Based on the statements made by Plaintiff in the Third Amended Complaint, he alleges that

16   the act of associating with a known gang member resulted in revocation of his parole and

17   incarceration.  (See Doc. 14 at 3).

18        In Heck v. Humphrey, 512 U.S. 477 (1994), the U.S. Supreme Court precluded a prisoner

19   from raising a § 1983 claim that, if successful, would render a conviction or sentence invalid where

20   the conviction or sentence has not been reversed, expunged or called into question by issuance of a

21   writ of habeas corpus.  See id. at 486-87.  Subsequently, in Crow v. Penry, 102 F.3d 1086, 1087 (10th

22   Cir. 1996), the Tenth Circuit held that Heck applies to actions which implicate the validity of a

23   decision to revoke parole.  See also Butterfield v. Bail, 120 F.3d 1023, 1024 n. 1 (9th Cir. 1997)

24   (citing Crow and stating that "a challenge to the procedures used in the denial of parole necessarily

25   implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement").

26        In this action, Plaintiff challenges both the decision to revoke his parole based for his violation

27   of the "anti-gang association" restriction as well as the probable cause determination to arrest him for

28   this action.  To the extent that he challenges the decision by the state parole board to revoke his

5

1   parole, <u>Heck</u> bars this action under § 1983.  <u>See</u> <u>Crow</u>, 102 F.3d at 1087, <u>see</u> <u>also</u> <u>Butterfield</u>, 120

2   F.3d at 1024.

3         Likewise, <u>Heck</u> bars Plaintiff's challenge to the probable cause determination that supported

4   his arrest.[2]  In <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996), the court held,

5         There is no question that <u>Heck</u> bars Smithart's claims that defendants *lacked probable*
         *cause to arrest him* and brought unfounded criminal charges against him.  Smithart

6         may challenge *the validity of his arrest*, prosecution and conviction only by writ of
         habeas corpus.  To the extent that Smithart seeks to invalidate his assault conviction,

7         whether expressly or by implication, we affirm the district court's dismissal.  If
         Smithart wishes to challenge his *arrest*, prosecution or conviction, he should file a writ

8         of habeas corpus.

9   (Citations omitted, emphasis added).

10         Plaintiff acknowledges that his arrest led directly to a parole revocation hearing wherein

11   "California State Parole authorities [made] a criminal finding of guilt" resulting in his "loss of

12   freedom."  (Doc. 14 at 3).  Moreover, he appears to contend that the facts upon which the officers

13   relied to arrest him for associating with a gang member formed the bases for his parole revocation and

14   his subsequent incarceration.  Plaintiff does not contend that his parole revocation has been

15   subsequently reversed, expunged or called into question by issuance of a writ of habeas corpus.  Thus,

16   as in <u>Towery</u>, any challenge to the probable cause determination for his arrest on this question would

17   necessarily implicate the validity of the parole revocation proceedings and is, therefore, not

18   cognizable via an action pursuant to 42 U.S.C. § 1983.  Assuming Plaintiff can demonstrate the "in

19   custody[3]" requirement for jurisdiction, any challenge to this determination must be brought via a

20   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Because the Court concludes <u>Heck</u>

21   bars Plaintiff's claims, the Court finds that leave to amend would be futile and should be denied.

22   ///

23

24       [2]Notably, Plaintiff does *not* assert that the officers lacked probable cause to arrest him for being under the influence

25   of marijuana.  Moreover, he fails to provide any information about whether this action formed a basis for the decision to
   revoke his parole.

26       [3]"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the

27   traditional function of the writ is to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).
   Where, as here, a petitioner seeks to challenge the revocation of his parole, he must demonstrate that continuing collateral

28   consequences exist if the underlying sentence has expired, see <u>Spencerv. Kemna</u>, 523 U.S. 1, 14-18 (1998), or if the
   additional term imposed for violating parole has been served. See <u>Cox v. McCarthy</u>, 829 F.2d 800, 803 (9th Cir. 1987.

**III. Recommendation**

Accordingly, it is RECOMMENDED that

1. The Third Amended Complaint be DISMISSED without leave to amend for failure to state a claim; and

2. The Clerk of Court enter judgment for Defendants because this dismissal with prejudice would terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(10(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **June 2, 2010**                                      _____
                                                                       **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE

7